IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SLAM DUNK I, LLC, on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>  Defendant. | Case: 1:19-cv-21996-MGC |

**BRIEF OF DEFENDANT CONNECTICUT GENERAL LIFE INSURANCE COMPANY IN OPPOSITION TO SLAM DUNK I, LLC'S MOTION TO STRIKE**

Slam Dunk's procedurally improper motion should be denied. Slam Dunk already tried, in its opposition to Connecticut General's motion to dismiss, to shield this Court from the cost of insurance rate tables that set forth the very rates that Slam Dunk's amended complaint challenges. Now, in an attempt to bolster those arguments, Slam Dunk has filed a purported Rule 12(f) motion to strike the rate table exhibits submitted with Connecticut General's motion to dismiss.

Slam Dunk's motion fails right out of the gate. Federal Rule of Civil Procedure 12(f) has no application here. The rule provides only for motions to strike material in *pleadings*—not material contained in or submitted with any other filing, including motions. The proper place for Slam Dunk's challenge to the rate tables is in the briefing of the motion itself, which of course Slam Dunk already availed itself of in its opposition to Connecticut General's motion to dismiss. This Court need go no further; Slam Dunk's motion should be denied for that reason alone.

The motion also should be denied because its argument—that the Court should not review the rate tables—is wrong. For all the reasons explained in Connecticut General's Reply Brief [ECF No. 86], the Court can and should consider the policy rate tables here.

Indeed, were the Court not to do so, it would endorse Slam Dunk's attempt to plead claims based on the rates contained in the rate tables, but simultaneously to avoid the dismissal warranted by those documents that contain, establish, and provide the context for those rates, simply by failing to attach the tables to its complaint. The law forecloses any such strategy.

## ARGUMENT

**1. Slam Dunk's Motion to Strike Is Procedurally Improper.**

Federal Rule of Civil Procedure 12(f) plainly has no application here. As the text of the rule makes clear, it is limited to striking material from a "pleading." Neither a motion, nor a brief or exhibit supporting a motion, is a pleading. Lest there is any doubt, Rule 7(a) is clear, distinguishing between pleadings and motions and stating that the only "pleadings" allowed by the Federal Rules are "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). For this reason, courts regularly deny attempts by parties under Rule 12(f) to strike material from a motion to dismiss. "Dispositive motions are not 'pleadings' within the definition of Rule 7(a)." *Jallali v. Am. Osteopathic Ass'n*, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2011) (denying motion to strike language from motion to dismiss). Courts likewise routinely hold that exhibits submitted in support of a motion to dismiss are not pleadings and cannot be stricken under Rule 12(f). *See, e.g.*, *Robb v. Rahi Real Estate Holdings LLC*, 2011 WL 2149941, at *2 (S.D. Fla. May 23, 2011) (denying Rule 12(f) motion to strike document attached to reply in support of motion to dismiss because "[e]xhibits attached to dispositive motions are not pleadings within the definition of Rule 7(a)"); *Whitney Info. Network, Inc. v. Weiss*, 2008 WL 11334989, at *2 (M.D. Fla. Apr. 14, 2008) (exhibits attached to motion to dismiss are not pleadings and thus "the remedy provided in Rule 12(f) is not available").

There is a good reason why Rule 12(f) has no application in these circumstances. Arguments made in, and materials submitted in support of, motions are answerable in submissions opposing the motion. "It is improper and a needless waste of judicial resources to attempt to circumvent the Court's restrictions on the method and manner of responding to pending motions by filing motions to strike." *Whitney Info. Network*, 2008 WL 11334989, at

*2. Yet that is precisely what Slam Dunk seeks here. Its procedurally improper Rule 12(f) motion to strike should accordingly be denied.[1]

## 2. The Policy Rate Tables Are Properly Considered on the Motion to Dismiss.

Even if the Federal Rules provided Slam Dunk a procedure for moving to strike material submitted with a motion to dismiss (the rules do not), Slam Dunk's arguments for striking the rate tables are wrong too. Connecticut General already addressed this issue at length in its Reply Brief in support of the motion to dismiss (*see* ECF No. 86, at 3-6), and therefore will not detain the Court long on the same issue again.

The reasons why the Court can and should consider the policy rate tables are straightforward. Slam Dunk challenges Connecticut General's charging of specifically identified cost of insurance ("COI") rates. *See* Am. Compl. ¶¶ 35-36. Those specific rates are thus indispensable to Slam Dunk's claims. Yet, simultaneously, Slam Dunk purposely omits from its amended complaint any further details about those rates or the context in which they are charged—*i.e.*, the amended complaint omits to mention that the challenged COI rates correspond to an insured's attained age. And, while Slam Dunk acknowledges that the obligation to pay COI rates arises from the parties' contracts, the amended complaint omits any allegation regarding the documents setting forth the challenged contractual rates. It does so notwithstanding that the policies describe the policyholder's contractual obligation to pay COI rates with reference to the rate tables themselves. That is, the policies describe the COI rates to be charged as rates that are "based on the Insured's Attained Age and the Insured's Coverage Amount." Am. Compl. Ex. A, at 17. That is exactly what the rate tables are—

---

[1] Even if Rule 12(f) did allow for a motion to strike arguments made in or materials submitted with motions to dismiss, Slam Dunk's motion—filed weeks after briefing on Connecticut General's motion to dismiss concluded—would also be far out of time. Rule 12(f) permits a party to move to strike material from a pleading only "*before* responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f) (emphasis added). Here, Connecticut General submitted the rate tables at issue with its motion to dismiss, filed February 13, 2020. Slam Dunk responded to that motion on March 12, 2020, arguing extensively against the Court's consideration of those rate tables. *See* Pl. Slam Dunk I, LLC's Opp. to Mot. to Dismiss [ECF No. 76], at 2, 5-8. Having already responded, the time to file any Rule 12(f) motion to strike the rate tables submitted with Connecticut General's motion to dismiss expired.

tables for each policy containing a list of the COI rates corresponding to the insured's attained ages and coverage amounts.

In this context, it is entirely appropriate for the Court to consider the policy rate tables. The case law cited in Connecticut General's reply brief amply supports that proposition. *See* Reply Brief, at 3-5. The rate tables contain, establish, and provide the context for the charging of the very COI rates that the amended complaint specifically attacks. *See* Mot. to Dismiss [ECF No. 72], at 9-11 . Slam Dunk cannot, on one hand, rely on the COI rates contained in those tables to plead its claims yet, on the other hand, say that the Court cannot consider the rate tables. Indeed, as courts have remarked, a contrary rule would mean that "a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997). Courts routinely reject such gamesmanship, and this Court should do the same.

**3. Slam Dunk's Motion Itself Lays Bare Why the Complaint Should Be Dismissed.**

While Slam Dunk fights strenuously to prevent the Court from seeing the policy rate tables, Slam Dunk notably does not dispute that the COI rate "increases" it challenges are simply Connecticut General's application each year of the rate associated with the insured's attained age. Equally notably, there is not a single allegation anywhere in the amended complaint that Connecticut General—either in the last five years or the entire time Slam Dunk has owned the policies—ever changed the rates associated with each attained age under each policy. The amended complaint, accordingly, is based on the theory that Connecticut General unlawfully increases COI rates whenever it applies *existing* (*i.e.*, unchanged) rates according to each attained age. The policies—the contracts that Slam Dunk asserts were breached—however, squarely foreclose any such theory. The policies twice state that COI rates will be charged according to the insured's attained age. *See* Reply Brief, at 7 (citing and quoting policy provisions). And to the extent Slam Dunk now tries to suggest (in its motion to strike, at p.3) that even such rate applications by attained age might breach the contract because they are purportedly contrary to improving mortality expectations, there is no allegation whatsoever in the amended complaint to support that assertion. That is, Slam Dunk of course never alleges that life expectancy *improves with age*. To the contrary, the

complaint alleges precisely the opposite. *See* Am. Compl. ¶ 33 (alleging that "the Insured's Attained Age" is "tied directly to expectations of future mortality experience").

## CONCLUSION

For the foregoing reasons, Slam Dunk's Motion to Strike should be denied.

Dated: May 5, 2020                                  Respectfully submitted,

By: *s/ Shari Gerson*
Shari Gerson (Florida Bar No: 17035)
GRAY ROBINSON, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301
Tel: (954) 761-8111
Email: shari.gerson@gray-robinson.com

Noah A. Levine (*pro hac vice*)
David E. Rudin (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8860
Email: noah.levine@wilmerhale.com
           david.rudin@wilmerhale.com

Felicia H. Ellsworth (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Email: felicia.ellsworth@wilmerhale.com

*Attorneys for Defendant Connecticut General Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2020 foregoing was filed with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing is being served on the following via transmission of Notices of Electronic Filing generated by CM/ECF:

| | |
|---|---|
| Edward M. Mullins, Esq.<br>R. Hugh Lumpkin, Esq.<br>Matthew B. Weaver, Esq.<br>Christina D. Olivos, Esq.<br>REED SMITH LLP<br>1001 Brickell Bay Drive, Suite 900<br>Miami, FL 33131<br>Tel: 786-747-0200, Fax: 786-747-0299<br>hlumpkin@reedsmith.com<br>nweaver@reedsmith.com<br>colivos@reedsmith.com<br>*Counsel for Plaintiff* | Douglas Rawles Esq. (*pro hac vice*)<br>Ashley Jordan, Esq.<br>Katherine J. Ellena, Esq. (*pro hac vice*)<br>REED SMITH LLP<br>355 South Grand Avenue, 28th Floor<br>Los Angeles CA 90071<br>Tel: 213-457-8000, Fax: 213-457-8080<br>rgiller@reedsmith.com<br>drawlers@reedsmith.com<br>ajordan@reedsmith.com<br>kellena@reedsmtih.com<br>*Counsel for Plaintiff* |
| Benjamin J. Widlanski, Esq.<br>Harley S. Tropin, Esq.<br>Dwayne A. Robinson, Esq.<br>Robert J. Neary, Esq.<br>KOZYAK TROPIN & THROCKMORTON LLP<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, Florida 33134<br>Tel: 305-372-1800, Fax: 305-372-3508<br>bwidlanski@kttlaw.com<br>hst@kttlaw.com<br>drobinson@kttlaw.com<br>rn@kttlaw.com<br>*Co-Counsel for Plaintiff and proposed Class* | Markenzy Lapointe, Esq.<br>PILLSBURY WINTHROP SHAW PITTMAN LLP.<br>600 Brickell Avenue, Suite 3100<br>Miami, FL 33131<br>Tel: 786-913-4900<br>markenzy.lapointe@pillsburylaw.com<br><br>Richard C. Giller (pending pro hac vice)<br>PILLSBURY WINTHROP SHAW PITTMAN LLP.<br>725 South Figueroa Street, Suite 2800<br>Los Angeles, CA 90017-5406<br>Tel: 213-488-3624<br>richard.giller@pillsburylaw.com<br>*Counsel for Plaintiff* |

/827506/195#40764137 v1

s/ Shari Gerson
SHARI GERSON, FL Bar No. 17035
Gray Robinson, P.A.
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: 954-761-8111
Email: shari.gerson@gray-robinson.com
*Attorneys for Defendant Connecticut General Life Insurance Company*