UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-21996-MGC

SLAM DUNK I, LLC, on behalf of itself
and all others similarly situated,

    Plaintiff,

Vs.

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT CONNECTICUT GENERAL LIFE
INSURANCE COMPANY'S OPPOSITION [DE 92]**

In its motion to strike, Plaintiff detailed a number of significant misrepresentations made by Defendant in its motion to dismiss and in its reply in support of that motion (both of which are clearly pleadings), and those misrepresentations are and should rightfully be the subject of a motion to strike. The two most glaring examples of Defendant's misrepresentations—and ones Defendant repeats in its opposition to this motion to strike—are (1) the false claim that its extraneous "Rate Tables," described in Defendant's pleadings and attached as exhibits thereto, are referenced anywhere in any policy contract issued by Defendant, and (2) the inaccurate claim that Plaintiff's Amended Complaint does not allege COI adjustments. Those misrepresentations (and the exhibits supporting them) should be stricken.

In its latest filing, Defendant takes the first misrepresentation a step further and now baldly admits that the motivating factor underlying its motion to dismiss is a request that this Court entirely rewrite the "Monthly Cost of Insurance Rates" provision in the insurance contract at issue in such a way as to relieve Defendant from having to comply with other critical language in the

CASE NO. 1:19-cv-21996-MGC

policy that Defendant drafted. In opposition to this motion, Defendant incorrectly argues that "the policies describe the COI rates to be charged as rates that are 'based on the Insured's Attained Age and the Insured's Coverage Amount'" and nothing further. [Dkt. 92 at 3-4]. Defendant further argues that the rate tables attached to its motion and its reply "support" this unsupportable interpretation of the actual language of the policy contract. For Defendant's claim that the monthly costs of insurance rates are based solely on "the Insured's Attained Age and the Insured's Coverage Amount" to be true, this Court would have to rewrite the insurance policy as follows:

| ACTUAL POLICY LANGUAGE | DEFENDANT'S PROPOSED REWRITE |
|---|---|
| "The Monthly Cost of Insurance Rates are based on the Insured's Attained Age, the type of benefit, the Class of Insured and whether premiums for that Insured are paid directly to CG or through payroll deductions. The Monthly Cost of Insurance Rates are determined by CG based on its expectations as to future mortality experience…." | "The Monthly Cost of Insurance Rates are based on the Insured's Attained Age and the Insured's Coverage Amount."[1] |

Such a re-write is not authorized in this State. *See Blue Cross & Blue Shield of Fla., Inc. v. Cassady*, 496 S.2d 875, 877 (Fla. Dist. App. 4th 1986) (noting that courts should not rewrite insurance contracts in a manner that will result in an outcome contrary to the parties' intent).

In addition to misrepresenting the express language of the insurance policies at issue, defendant also misrepresents to this Court that "there is not a single allegation anywhere in the

---

[1] In responding to the motion to strike, Defendant utterly failed to explain why, if its false claim that the monthly costs of insurance rates are based solely on "the Insured's Attained Age and the Insured's Coverage Amount," Defendant charged a different monthly rate for employees of identical age who worked for different companies. If attained age is the only determinative factor—despite express policy language to the contrary—then the rates for employees of the same age should be identical despite the employer but, based on the extraneous rate charts, they are not the same.

CASE NO. 1:19-cv-21996-MGC

amended complaint that Connecticut General—either in the last five years or the entire time Slam Dunk has owned the policies—ever changed the rates associated with each attained age under each policy." (Dkt. 92 at 4; emphasis added).  This is simply not true.  In fact, the Amended Complaint repeatedly alleges exactly what Defendant falsely claims is absent from that pleading:

- "With respect to some policies owned by the Plaintiff, Defendant did, in fact, adjust the COI every year for the past five years. As to others, Defendant adjusted the COI less frequently, such as once every couple of years. But at least once in the five years prior to filing this action, Defendant adjusted the COI at least once for each policy owned by Plaintiff and the putative Class members and each adjustment resulted in an increased COI charge to the policyholders." (Para. 6; emphasis added);

- "During the period of May 16, 2014, through May 16, 2019, (and before), Defendant has adjusted the Monthly Cost of Insurance Rates for GUL policyholders at least once if not many times on an annual basis." (Para. 35; emphasis added);

- "For each of the Group Life Policies, Defendant adjusted upward the COI at least once. In no instance did the adjustment made by Defendant reduce the COI charged on Plaintiff's Group Life Policies. On information and belief, Defendant made adjustments to the Class Policies that resulted in an increase in the COI at least once during the five years preceding the filing of the Original Complaint in this action." (Para. 37; emphasis added);

- "During the Class period, Defendant made numerous adjustments to the COI of the GUL policies held by Plaintiff and the Class members. Despite the trend of improving rates of mortality, and the requirement that Defendant base its COI rates on the expectations of future mortality experience, Defendant has only increased COI rates on the GUL policies." (Para. 48; emphasis added);

The types of misrepresentations and mischaracterizations described above and proffered by Defendant in its motion to dismiss, its reply and in opposition to this motion, are the proper subjects of a motion to strike and this Court should neither entertain Defendant's request to rewrite the express language of the subject contracts nor countenance false claims that the Amended Complaint does not, in fact, contain the allegations quoted above.  For these reasons, the motion to strike should be granted.

CASE NO. 1:19-cv-21996-MGC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document is being electronically filed on May 12, 2020, via CM-ECF, which will generate Notices of Electronic Filing to all parties or counsel of record.

Respectfully submitted,

By: /s/ *Markenzy Lapointe*_____
Markenzy Lapointe
Florida Bar No. 172601
Pillsbury Winthrop Shaw Pittman LLP
600 Brickell Avenue, Suite 3100
Miami, FL 33131
Telephone: 786-913-4900
Telecopier: 786-913-4901
markenzy.lapointe@pillsburylaw.com
miadocket@pillsburylaw.com
nydocket@pillsburylaw.com

*/s/ Richard C. Giller*_____
Richard C. Giller
California Bar No. 117823
(*Pro Hac Admitted*)
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017
Telephone: 213-488-3624
richard.giller@pillsburylaw.com